FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 27 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAMUEL SAPARTO, | No. 09-70164 |
| Petitioner, | Agency No. A097-349-869 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 16, 2014
Seattle, Washington

Before: REINHARDT, KLEINFELD, and CHRISTEN, Circuit Judges.

Samuel Saparto, a native and citizen of Liberia, petitions for review of the

Board of Immigration Appeals' (BIA) order denying his claim for asylum,

withholding of removal, and protection under the Convention Against Torture

(CAT). He argues the BIA erred by: ruling that he did not establish past

persecution on account of imputed political opinion; determining that the record

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

contains sufficient evidence of changed country conditions to overcome any presumption of future persecution; determining that he failed to establish eligibility for relief under the CAT; and denying him asylum on humanitarian grounds. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.[1]

We review the BIA's decision that an applicant is not eligible for asylum, withholding of removal, and CAT relief for "substantial evidence." *Hu v. Holder*, 652 F.3d 1011, 1016 (9th Cir. 2011). Under this deferential standard, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

## I. Asylum and Withholding of Removal

Saparto argues he was persecuted on account of the protected ground of "imputed political opinion." "An imputed political opinion arises when [a] persecutor falsely attributes an opinion to the victim, and then persecutes the victim because of that mistaken belief about the victim's views." *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 n.6 (9th Cir. 2010) (internal quotation marks omitted).

---

[1] The parties are familiar with the facts, so we will not recount them here.

Substantial evidence supports the BIA's determination that Saparto did not establish persecution on account of his imputed political opinion. Though he was forcibly conscripted into a militia, the Supreme Court has held that, absent a political motive, an organization's attempt to conscript a person into its military forces is insufficient to compel a finding of persecution on account of political belief. *INS v. Elias-Zacarias*, 502 U.S. 478, 482 (1992). Saparto was not part of a political group at the time of his abduction. He was one of many people abducted and forced to join the militia; he did not show that he was targeted because of his father's political opinions. His argument that the militia believed that he was trying to escape because he disagreed with them politically is only based on speculation. Additionally, Saparto presented no evidence that a string of tragic occurrences — his father's disappearance, his brother's arrest, his wife's death, the militia's killing of two fellow recruits — had any connection to his political views. Because Saparto has failed to establish past persecution, he is not eligible for humanitarian asylum. *Vongsakdy v. INS*, 171 F.3d 1203, 1205 (9th Cir. 1999).

Substantial evidence also supports the BIA's determination that Saparto is ineligible for withholding of removal. The standard for showing eligibility for withholding of removal is more stringent than for asylum. *Al-Harbi v. INS*, 242

3

F.3d 882, 888–89 (9th Cir. 2001). Saparto does not meet the lower asylum standard, let alone the more stringent withholding standard.

## II. Convention Against Torture

Substantial evidence supports the BIA's determination that Saparto failed to establish it was more likely than not he would be tortured with the Liberian government's acquiescence upon removal to Liberia. *Nuru v. Gonzales*, 404 F.3d 1207, 1221 (9th Cir. 2005).

The record indicates improved country conditions in Liberia. A 2006 State Department report noted, among other evidence of changed country conditions, that "[a]fter 14 years of civil war and 2 years of an interim government, Ellen Johnson-Sirleaf was declared the winner of multiparty presidential elections on November 23, [2005,] marking a significant milestone in the country's transition to democracy," and that there "were no reports of" politically motivated disappearances, political detainees, or political prisoners. The report also stated that "[a]s of year's end, government and [United Nations] security forces effectively controlled all of the country." As such, the record does not compel the conclusion that the BIA incorrectly denied Saparto relief on this ground.

**PETITION DENIED.**

4